[No. 2806.]

## SAM. HASLEY *v.* THE STATE.

1. PLAYING CARDS IN A PUBLIC PLACE—INDICTMENT.—Objection that the indictment was not concurred in by nine of the grand jurors cannot be entertained by this court when such objection is *dehors* the record.
2. SAME.—See the statement of the case for an indictment held sufficient to charge the offense of playing cards in a public place.
3. SAME—PRESENTMENT OF INDICTMENT.—Under the Revised Codes it is not required that the entry of the presentment of the indictment shall state the offense charged. See the opinion *in extenso* for such an entry held sufficient.
4. PRACTICE—CERTIFICATE.—When a prosecution in the County Court was dismissed because of an insufficient certificate to the proceedings in the District Court from whence the case was transferred, it was not reversible error to permit the State's attorney to file another and complete certificate and proceed with the case. The better practice, however, would have been to file such correct certificate in answer to the motion to dismiss.
5. SAME—FACT CASE.—See evidence held sufficient to support a conviction for playing cards in a public place.

APPEAL from the County Court of Bell. Tried below before the Hon. W. M. Minyard, County Judge.

The opinion states the nature of the case. A fine of fifteen dollars was awarded as punishment by the verdict of guilty.

Peter G. Rucker was the first witness for the State. He testified that on or about the first day of March, 1882, he saw the defendant play at a game of cards in a room in the rear of the

Crystal saloon, in Belton, Bell county, Texas. The Crystal saloon was then and there a house kept for the retail of spiritous liquors, and was a house where such liquors were sold. The room in which the witness saw the defendant playing cards on the occasion referred to was a room commonly used for gaming. The only means of getting into or out of that room was through the Crystal saloon. Witness frequently saw drinks of whisky brought into the room where the game of cards was played, and there paid for, but he could not say that this was done on the occasion of this game in which the defendant participated. The Crystal saloon was kept in a stone building in Belton, Bell county, Texas, and the room in which the defendant played the game of cards referred to is connected with the saloon by a door in the back part of the saloon, which door is kept open. A partition with a spring door formed the connection of the room described and the saloon.

R. H. Turner testified, for the State, that he was the district clerk of Bell county. At the last term of the District Court a large number of indictments were ordered by the district judge to be transferred to the County Court, among them one against Sam Hasley, the defendant, which was marked 2079. Witness transferred it to the County Court, and by mistake the transcript which accompanied it was numbered 2097. When the case came up, the county judge, upon motion, dismissed the case for want of jurisdiction. At the request of the county attorney witness prepared a new transcript of the case and sent it down to the County Court. The transcript or order of transfer that was first sent down with the indictment against Hasley was for another case, number 2097, which was for a different offense, and it did not belong to number 2079. The indictment is the same one that was ruled on by the court at the June term and dismissed for want of jurisdiction, but witness has since made a proper order of transfer.

The defendant introduced the following documentary evidence:

1. The entry of the presentment of the indictment, which is set forth in the opinion.

2. A certificate from the district clerk, filed April 29, 1882, charging the defendant with betting at a gaming table, and another transcript from the district clerk, accompanying this indictment, charging the offense of playing cards in a saloon.

3.  A copy from the district clerk filed June 15, 1882, charging the defendant with playing cards in a saloon.

4.  Minutes of the District Court of April term, 1882, showing that an indictment numbered 2079 had been preferred against one ————————, for playing cards in a saloon; and also another charging defendant with betting at a gaming table, dated April 27, 1882, both accompanying same indictment.

5.  The judgment of the court at the June term dismissing this case.

6.  The indictment; the charging part of which is as follows: * * * * * * "Sam Hasley, late of the county of Bell, on or about the first day of March, 1882, with force and arms, in said county of Bell, and State of Texas, did then and there play at a game with cards, at a house for the retail of spirituous liquors; contrary," etc.

The motion for new trial assailed the sufficiency of the evidence, and the charge of the court. The motion being overruled, appeal was prosecuted.

*Boyd & Holman,* for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE.  Defendant has appealed from a conviction of the offense of playing at a game with cards in a house for retailing spirituous liquors. His learned counsel, in concluding their able brief, appeal to the sympathies of this court in the following touching language: "The counsel for this defendant moves the Court of Appeals to tears, if possible, in behalf of this appellant, whose reputation has been called in question by designing men, who by some means forced their corporeal presence on an unsuspecting court as a body of grand jurymen, and presented the bill of indictment when only six members of the aforesaid body concurred in finding the same. While it is true the appellant has but little means (his pocket is as light as the gossamer that floats in a midsummer day; his worldly goods could be packed in a chestnut shell), his reputation is at stake, he being a member of some church—his counsel at this time are unable to state accurately what denomination, as they have seen him attending all the churches in Belton, and seemingly with a devotion as earnest as that evinced by Culver, Wesley, and even Paul Denton. It is not of the amount of the fine im-

.posed that the defendant complains; it is the rash and foolish ruling of the county judge, and the concurrence of the jury that found the defendant guilty. The defendant feels that he has been in the hands of the Philistines, and he appeals to the ·Court of Appeals to redress his wrongs."

It is claimed by counsel that the indictment was not concurred in by nine of the grand jury. It does not appear from the record that such was the fact, but on the contrary the record shows that the indictment was presented in accordance with law. (Code Crim. Proc., Arts. 414, 522.) It would have been indeed ·strange if every member of the grand jury had not concurred .in the indictment, when the proof most positively established that the defendant had played at a game with cards in a house .for retailing spirituous liquors.

It is further claimed that the indictment is defective in not alleging that the house in which the playing occurred was "then ·and there" used for the retail of spirituous liquors. We think ·the indictment in all respects is sufficient.

It is further claimed that the entry of the presentment of the indictment in the District Court is insufficient. It is as follows: "April 14, A. D. 1882. Now, on this day, the grand jury came into open court, headed by their foreman, and, a legal quorum ·being present, presented and delivered to the judge of the court, in open court, the following bills of indictment, which were ·thereupon ordered to be filed, to wit:

·" THE STATE OF TEXAS    ⎫
   " v.    [FILE No. 2079. ⎬    Playing cards in a saloon."
   ⎭

This entry, under the previous law, would perhaps have been insufficient (*Denton* v. *The State*, 3 Texas Ct. App., 635), in that it does not correctly state the offense charged. (Pasch. Digest, Arts. 2857, 2858.) But since the revision, it is not required that ·the entry should state the offense charged. (Code Crim. Proc., Art. 415.) We think the entry in this case is in strict compli- ·ance with the law.

It seems from the record that when this cause was transferred .from the District to the County Court it was accompanied with .a defective certificate from the clerk of the District Court, and for this reason the cause was, upon motion of the defendant, ·dismissed in the County Court for want of jurisdiction. There- ·upon the county attorney procured from the clerk of the Dis-

trict Court another certificate, which he had filed in the cause, and proceeded with the prosecution. While this proceeding, as presented by the record, was irregular, still we do not think it was such error as demands a reversal of the judgment. This court has held that where the certificate is defective it may be amended, or a new one obtained (*McDonald* v. *The State*, 7 Texas Ct. App., 113), and it was proper for the county attorney in this cause to have filed a correct certificate; but this should have been done in reply to the motion to dismiss. But we do not think that the dismissal of the cause barred its further prosecution. When a correct certificate was filed it renewed the case, and gave jurisdiction of the same to the court in the same manner and to the same extent as if there had been no previous action of the court therein.

In response to the eloquent appeal of counsel in behalf of their unfortunate client, we will say that we have carefully considered the points of this case, with the desire and purpose to redress his wrongs to the extent of our lawful authority. But we have failed to perceive wherein he has been wronged. That he played at a game with cards in a house for retailing spirituous liquors was proved beyond question. This was a plain violation of the law, and doubly reprehensible in one of his moral reputation and devotional piety. That the defendant, in an evil hour, fell into the hands of Philistines, we do not doubt, but we think his counsel are mistaken as to who these Philistines were. They were not the grand jurors who presented this indictment, but the "light-fingered" habitues of the "Crystal saloon." We trust that the result of this prosecution may be beneficial to the defendant, and cause him in the future to avoid the alluring temptations of the card table. The judgment is affirmed.

*Affirmed.*

Opinion delivered May 23, 1883.